

**SECRETARY OF THE ARMY**
WASHINGTON

1 1 JAN 2021

MEMORANDUM FOR COMMANDER, US SOUTHERN COMMAND

SUBJECT:  Army Regulation (AR) 190-8 Clarification/Exception

The purpose of this memorandum is to clarify that the provisions of Army Regulation (AR) 190-8, *Enemy Prisoners of War, Retained Personnel, Civilian Internees and Other Detainees*, dated October 1, 1997, relating to the treatment of prisoners of war, do not apply to detention operations conducted by Joint Task Force Guantanamo (JTF-GTMO).

Under the Presidential Memorandum of February 7, 2002, *Humane Treatment of al Qaeda and Taliban Detainees*, the legal status of al-Qaida and Taliban detainees is that they are unprivileged belligerents who do not qualify as prisoners of war.  Moreover, under the Supreme Court's reasoning in *Hamdan v. Rumsfeld*, 548 U.S. 557 (2006), the armed conflict between the United States and al-Qaida, the Taliban, and associated forces is not of an international character (*i.e.*, a conflict between States), so the provisions of the Third Geneva Convention relating to prisoner of war treatment do not apply.  *See* DoD Law of War Manual § 17.17.3 (June 2015, Updated Dec. 2016). Further, DoD Directive 2310.01E, *DoD Detainee Program*, which AR 190-8 is intended to implement, makes clear that detainees in DoD custody can be classified as "unprivileged belligerents" (which is synonymous with the term "unlawful enemy combatants").  DoDD 2310.01E (Aug. 19, 2014) (Change 2 Sept. 18, 2020) Glossary, Part II at 14.  Such unprivileged belligerents are provided the minimum standards of treatment established in that directive, but they are not entitled to prisoner of war status. *See id.* at paras. 3(a), 3(b), and 3(g).  The Directive also makes clear that the requirement to treat certain detainees as prisoners of war in cases of doubt pending a status determination applies only during international armed conflicts.  *See id.* at para. 3(h).  AR 190-8 must be interpreted and applied in light of this higher-level guidance.

Under this higher-level guidance, AR 190-8 has not required and does not require that any of the detainees currently held at JTF-GTMO, all of whom are unprivileged belligerents being held in the context of the non-international armed conflict against al-Qaida, the Taliban, and associated forces, be afforded prisoner of war status or treatment, including such treatment or protections on a provisional basis pending a status determination.  Under AR 190-8, JTF-GTMO detainees are not "Enemy Prisoners of War" or "Other Detainees" who are to be treated as Enemy Prisoners of War.

A Federal district court, nevertheless, has interpreted AR 190-8 to require treating a detainee held at JTF-GTMO as an enemy prisoner of war for purposes of compelling examination by a Mixed Medical Commission pursuant to Section 3-12 of AR 190-8.  In issuing AR 190-8, the Secretary of the Army has authorized subordinate Army officials "to approve exceptions to this regulation that are consistent with controlling law and

SUBJECT: Army Regulation (AR) 190-8 Clarification/Exception

regulation." AR 190-8 at p. i.  Consistent with this procedure and as the promulgating official for AR 190-8 and the DoD Executive Agent under DoD Directive 2310.01E, I hereby formally and explicitly except the detention operations conducted by JTF-GTMO from AR 190-8, and I make clear that AR 190-8 is not applicable to any detainees held at JTF-GTMO.  Therefore, AR 190-8 cannot be used as the basis to provide any detainee at JTF-GTMO treatment as a prisoner of war, including a Mixed Medical Commission pursuant to Section 3-12 of AR 190-8.  This exception applies with respect to any and all claims—including pending claims—by JTF-GTMO detainees premised on AR 190-8.  The exception forecloses application of AR 190-8 to JTF-GTMO detainees, including pursuant to any prior or future court order to the contrary, including the district court order referenced above. I approve this exception without prejudice to the Department of Defense and Department of the Army position that this action is unnecessary, including for the reasons discussed above.

Existing U.S. statutes and law of war requirements, as well as DoD policy requirements and guidance, continue to apply to detention operations conducted by JTF-GTMO, including:  DoD Directive 2310.01E, *DoD Detainee Program*; DoD Directive 2311.01, *DoD Law of War Program*, dated July 2, 2020; and the law of war requirements applicable to the detention of unprivileged belligerents in non-international armed conflict, as articulated in the *DoD Law of War Manual*.  JTF-GTMO personnel should continue their outstanding efforts to provide for the safe and humane treatment of detainees in accordance with the law of war.

Ryan D. McCarthy

CF:
Secretary of Defense
Chairman of the Joint Chiefs of Staff
General Counsel of the Department of Defense
Under Secretary of Defense for Policy
Commander, Joint Task Force Guantanamo