UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MUSTAFA AHMED AL-ḤAWSAWI,       )
                                )
         Petitioner,            )
                                )
    v.                          )   Civil Case No. 21-cv-2907 (RJL)
                                )
DONALD J. TRUMP, *et al.*,      )
                                )
         Respondents.           )

**MEMORANDUM OPINION**

March 20th, 2025 [Dkt. #40]

## I.  BACKGROUND[1]

Petitioner Mustafa al-Hawsawi ("petitioner" or "al-Hawsawi") has been detained at the United States Naval Base in Guantanamo Bay, Cuba ("Guantanamo") since 2006. During his detention, he has suffered from multiple digestive and colorectal conditions. In 2021, he filed a petition for a writ of habeas corpus, arguing that the medical treatment he receives at Guantanamo violates the Eighth Amendment. *See* Pet. for Writ of Habeas Corpus ("2021 Petition") [Dkt. #1]. On March 13, 2024, on respondents' motion, the Court entered judgment for respondents and dismissed the 2021 Petition. *See* Mem. Op. [Dkt. #38]; Order [Dkt. #39].

Petitioner then filed a motion (1) to alter or amend that judgment under Federal Rule of Civil Procedure 59(e); and (2) for leave to file an amended petition under Federal Rule of Civil Procedure 15. Pet.'s Mot. to Alter or Amend J. and for Leave to File First

---

[1] The alleged facts are set out in more detail in the Court's Memorandum Opinion granting respondents' motion to dismiss or for judgment. *See* Mem. Op. [Dkt. #38].

1

Am. Pet. for Writ of Habeas Corpus ("Pet.'s Mot.") [Dkt. #40]. Respondents oppose the motion. Resp'ts' Opp'n to Pet.'s Mot. ("Resp'ts' Opp'n") [Dkt. #45]. For the reasons set forth below, I will **DENY** petitioner's motion.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits courts to alter or amend previous judgments. However, this is an "extraordinary remedy which should be used sparingly." *Mohammadi v. Islamic Republic of Iran*, 782 F.3d 9, 17 (D.C. Cir. 2015) (cleaned up). The grounds for granting a Rule 59(e) motion are limited to: "an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Id.* (quoting *Patton Boggs LLP v. Chevron Corp.*, 683 F.3d 397, 403 (D.C. Cir. 2012)). Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018) (quoting *Exxon Shipping v. Baker*, 554 U.S. 471, 486 n.5 (2008)).

## III.   ANALYSIS

At the outset, I will address two threshold issues regarding my March 13, 2024 decision. *First*, the parties dispute whether the March 13, 2024 Order is a final judgment from which petitioner can seek relief. *See* Resp'ts' Opp'n 13 n.6; Pet.'s Reply Mem. in Supp. of Pet.'s Mot. [Dkt. #47] 1 n.2. I find that, under Federal Rule of Civil Procedure 58, it is a final judgment. Although the Order is not labeled a "judgment," it is set out in a separate document "distinct from any opinion or memorandum" and does not contain legal reasoning. *See Kidd v. District of Columbia*, 206 F.3d 35, 38 (D.C. Cir. 2000); Fed.

R. Civ. P. 58(a), (c)(2)(A). As such, the March 13, 2024 Order constitutes a final judgment dismissing the 2021 Petition.

*Second*, the parties dispute whether dismissal was with or without prejudice. The Order is silent as to the nature of dismissal, so it is deemed to be with prejudice. *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise . . . any dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."). However, the Court's intent was to dismiss the 2021 Petition without prejudice.[2] This is a typographical error which the Court will correct pursuant to Rule 60(a), which permits the Court to, on its own motion, "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a); *see Rivera v. PNS Stores Inc.*, 647 F.3d 188, 193–98 (5th Cir. 2011) (finding that Rule 60(a) was an appropriate avenue for correcting a judgment because "[i]nadvertently designating a dismissal as being 'without prejudice' instead of 'with prejudice' is the type of rote, typographical error of transcription that could be committed by a law clerk or a judicial assistant."). I will issue a corrected Order reflecting dismissal without prejudice.

A.   <u>Motion to Alter or Amend Judgment</u>

Petitioner's Rule 59(e) motion asks the Court to alter or amend the March 13, 2024 decision "because he has discovered new evidence which cures the defects in the

---

[2] Dismissal with prejudice is appropriate if "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (quoting *Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985)). The Memorandum Opinion accompanying the Order makes no such findings. *See generally* Mem. Op.

3

[2021] Petition." Pet.'s Mot. 5.[3] To establish that new evidence supports a Rule 59(e) motion, the party seeking relief must show:

> (1) the newly discovered evidence concerns facts that existed at the time of trial or another dispositive proceeding; (2) the party seeking relief was justifiably ignorant of the evidence despite his or her due diligence; (3) the evidence is admissible and of such importance that it probably would have changed the outcome; and (4) the evidence [is] not [] merely cumulative or impeaching."

*See Barnard v. Dep't of Homeland Sec.*, 598 F. Supp. 2d 1, 26 (D.D.C. 2009) (quoting *Epps v. Howes*, 573 F. Supp. 2d 180, 185 (D.D.C. 2008)).[4]

Petitioner points to three supposedly new pieces of evidence, but none meet Rule 59(e)'s stringent requirements. The first two pieces of evidence were previously cited and discussed in the parties' briefing on respondents' motion to dismiss or for judgment. *See* Pet.'s Mot. 6 (citing evidence from respondents' declaration attached to their reply brief in support of the motion to dismiss or for judgment, Rebuttal Declaration of Senior Medical Officer for High Value Detainees [Dkt. #31] ¶ 10, filed in March 2023[5]); *id.* (citing a medical record petitioner brought to the Court's attention in his Surreply to Respondent's Reply Supporting Motion to Dismiss or for Judgment [Dkt. #35], filed in

---

[3] Petitioner also argues that dismissal with prejudice was erroneous and the Court should amend the Order to reflect dismissal without prejudice. Pet.'s Mot. 10–11. However, as explained above, dismissal with prejudice was a clerical error warranting correction under Rule 60(a), not a substantive error requiring remediation under Rule 59(e). The Court has now corrected the Order, mooting this argument.

[4] While this case discusses the standard under Rule 60(b), the Rule 60(b) and Rule 59(e) standards are generally the same and the parties agree that this is the proper standard. *See* 11 CHARLES A. WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PRO. CIV. (3D ED.) § 2808 ("The same standard applies for establishing this ground for relief [newly discovered evidence], whether the motion is under Rule 59 or 60(b)(2)."); Pet.'s Mot. 5; Resp'ts' Opp'n 5 n.3.

[5] In fact, petitioner himself addressed this rebuttal declaration in a surreply brief filed with the Court in March 2023. *See* Surreply to Resp'ts' Reply Supp. Mot. to Dismiss or for J. [Dkt. #35].

4

March 2023[6]). By definition, neither piece of evidence is new. Petitioner cannot use Rule 59(e) "to relitigate [these] old matters." *See Leidos, Inc.*, 881 F.3d at 217.

Petitioner's third piece of evidence—a set of medical records, *see* Pet.'s Mot. 6–7—is not new either, as petitioner was not "justifiably ignorant of its existence despite his [] due diligence." *See Barnard*, 598 F. Supp. 2d at 26. Petitioner's counsel concedes that he found the relevant records on January 25, 2024, months before the Court issued its March 13, 2024 decision. *See* Pet.'s Mot. Ex. 2, Decl. of Stefan H. Krieger ("Krieger Decl.") [Dkt. #40-2] ¶ 4. Petitioner could and should have raised this evidence when it came to light. *See Hentif v. Obama*, 883 F. Supp. 2d 97, 100 (D.D.C. 2012) ("Evidence is not 'newly discovered' if a party had the ability to present it to the finder of fact prior to entry of judgment."); *Harris v. Howard Univ.*, 1996 U.S. Dist. LEXIS 21780, at *8–9 (D.D.C. May 23, 1996) (finding that evidence was not "newly discovered" because the plaintiff "was aware of this information two months before this court's order dismissing her complaint" and she "had ample time to bring this evidence to the court's attention").[7]

Since none of petitioner's evidence is newly discovered, I will deny his Rule 59(e) motion.

---

[6] Petitioner concedes that he brought this evidence before the Court almost two years ago. *See* Pet.'s Mot. Ex. 2, Decl. of Stefan H. Krieger ("Krieger Decl.") [Dkt. #40-2] ¶ 2 ("During this review [on March 2, 2023], I discovered medical records . . . On March 28, 2023, I promptly submitted these documents to this Court in support of Petitioner's Surreply.").

[7] Additionally, even if petitioner only discovered this evidence on January 25, 2024, it was likely discoverable through due diligence before that. Petitioner's counsel acknowledges that he "visited Defense Counsel's Secure Facility"—where he eventually found these medical records—"from June 1, 2022 to the [sic] July 19, 2023." *See* Krieger Decl. ¶ 4.

B.  Motion for Leave to File an Amended Habeas Petition

Petitioner also moves for leave to file his Proposed Amended Petition under Rule 15(a)(2). Pet.'s Mot. 11–16. I will deny this motion as well.

Once a court enters judgment on a habeas petition, a party seeking to amend the petition must first succeed under Rule 59(e) in altering or amending that judgment. *See Mohammadi*, 782 F.3d at 17 ("[A]fter entry of judgment, a court has no obligation to grant leave to amend unless a plaintiff first satisfies 'Rule 59(e)'s more stringent standard for setting aside that judgment.'" (quoting *Ciralsky v. CIA*, 355 F.3d 661, 673 (D.C. Cir. 2004))).

This is true even when the judgment dismissed the case without prejudice. In *Ciralsky*, our Circuit analyzed a situation similar to the one before me. *See generally* 355 F.3d 673. The district court granted a motion to dismiss without prejudice, after which the plaintiff filed a Rule 59(e) motion and a motion for leave to file an amended complaint. *See id.* at 664. The district court denied both motions. *See id.* at 665. Our Circuit agreed with the district court's logic:

> Because we conclude that the district court did not abuse its discretion in denying Ciralsky's Rule 59(e) motion, we likewise conclude that it did not err thereafter in denying Ciralsky's motion for leave to file an amended complaint under Rule 15(a). Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." As we held in *Firestone*, however, once a final judgment has been entered, a court cannot permit an amendment unless the plaintiff "first satisfies Rule 59(e)'s more stringent standard" for setting aside that judgment. . . . Since the court declined to set aside the judgment under Rule 59(e), it properly concluded that Ciralsky's motion to amend under Rule 15(a) was moot.

*Id.* at 673 (internal citations omitted).

6

Here, petitioner has not met Rule 59(e)'s standard for altering or amending the Court's judgment dismissing the 2021 Petition. *See supra* Section III.A. Therefore, I will deny his motion for leave to file his Proposed Amended Petition as well. *See Ciralsky*, 355 F.3d at 673.

## IV. CONCLUSION

Petitioner has not established grounds for altering or amending the Court's March 13, 2024 decision. As such, the Court will deny that motion and petitioner's motion for leave to file his Proposed Amended Petition. The Court will issue an Order consistent with this Memorandum Opinion and, per the discussion in Section III above, a corrected version of the March 13, 2024 Order.

RICHARD J. LEON
United States District Judge